UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 24-cv-20448-WILLIAMS/GOODMAN

JANE DOE (L.M.),
as the natural parent of JANE DOE (L.J.),

    Plaintiff,

v.

THE MIAMI-DADE COUNTY DISTRICT
SCHOOL BUS, et al.,

    Defendants.

_____/

### REPORT AND RECOMMENDATIONS ON *SUA SPONTE* DISMISSAL OF PLAINTIFF'S COMPLAINT

Plaintiff L.M. ("Plaintiff") filed a Motion for Leave to *Proceed in Forma Pauperis*. [ECF No. 3]. Because Plaintiff has not paid the filing fee but instead seeks to proceed *in forma pauperis*, her Complaint is subject to screening under 28 U.S.C. § 1915(e). The Honorable Kathleen M. Williams referred all pretrial non-dispositive matters to the Undersigned. [ECF No. 7].

For the reasons stated herein, the Undersigned **respectfully recommends** that the District Court **dismiss** Plaintiff's Complaint **without prejudice** and consequently **deny** her Motion for Leave to Proceed *in forma pauperis* **as moot**.

I.   **Background and Analysis**

On February 5, 2024, Plaintiff filed this Complaint [ECF No. 1] *pro se* on behalf of her minor child, Jane Doe (L. J.). Plaintiff alleges that Defendants collectively violated her daughter's civil rights based on their actions related to a 2020 incident on a school bus. *Id*. at 2. She is seeking 90 million dollars in damages for negligence, negligent infliction of emotional distress, and abuse of a minor disabled child. *Id*.

In the Complaint, Plaintiff claims that on February 25, 2020, her daughter was sexually molested by two male students while on a Miami-Dade County Public District school bus on the way to Greynolds Park Elementary School. *Id*. Police responded to the incident and conducted an investigation. *Id*. at 3. However, criminal charges were not filed. *Id*. She states that the elementary school never informed her of the incident and that she only learned of it through her daughter. *Id*. at 4. Plaintiff arranged a meeting with the school's principal and was forced to remove her daughter from the school. She states that the two male students were not subject to any discipline. *Id.* at 4–5.

The Complaint lists four separate claims: (1) "Discrimination Act 1964"; (2) "The American with Disabilities Act (ADA) (ADA II) (ADA III)"; (3) "Title VI of the Education Amendment of 1972"; and (4) the "Individuals with Disabilities Education Act" ("IDEA"). *Id.* at 2.

As noted above, Plaintiff has moved to proceed *in forma pauperis*. The Court is obligated to review the complaint brought by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2).

"Section 1915(a)(1) allows litigants to forego the filing fee so long as they submit an affidavit that describes their inability to pay the associated costs." *Craig on behalf of R.C. v. Fla. Highway Patrol,* No. 0:22-CV-62024-JEM, 2023 WL 2023875, at *1 (S.D. Fla. Jan. 25, 2023), *report and recommendation adopted*, No. 22-62024-CIV, 2023 WL 2016953 (S.D. Fla. Feb. 15, 2023*) (citing Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). If deemed indigent for the purposes of proceeding in the lawsuit, then the litigant's filing fees are waived. *Id*. "However, Congress recognized that these litigants now 'lack[ ] an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. (quoting *Neitzke*, 490 U.S. at 324).

Under § 1915(e)(2), if the Court determines that the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," then the Court shall dismiss the case at any time. *Id.* A complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325 (noting that the purpose of the *in forma pauperis* statute is to permit litigants to initiate civil or criminal actions despite their inability to pay the filing fee).

"The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and [Courts] will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). In reviewing a motion to dismiss under Rule 12(b)(6), a court must take all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts as true. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994).

To state a claim for relief, a pleading must contain: "(1) a short plain statement of the grounds for the court's jurisdiction[;] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"This Court is required to construe *pro se* filings liberally." *Stroud v. Bank of Am.*, No. 11-22489-CIV, 2012 WL 3150054, at *1 (S.D. Fla. Aug. 1, 2012) (quoting *Moghaddam Trimble v. S. Fla. Water Mgmt. Dist.*, 479 F. App'x 311, 312 n.2 (11th Cir. 2012)); *see also*, *Retie v. United States*, 215 F. App'x 962, 964 (11th Cir. 2007) (explaining that federal courts may liberally construe *pro se* filings "in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal

basis"). Liberal construction, however, does not mean that the Court will rewrite a filing on behalf of a *pro se* litigant. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

Here, Plaintiff filed a Complaint on behalf of her minor daughter. The Eleventh Circuit has found that parents who are not attorneys may not bring claims and act as legal counsel on their child's behalf. *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007). The purpose of this rule is to help ensure that children who are rightfully entitled to legal relief "are not deprived of their day in court by unskilled, if caring, parents." *Grappell v. Carvalho*, 847 F. App'x 698, 701 (11th Cir. 2021) (quoting *Devine*, 121 F.3d at 582). Minors are "entitled to trained legal assistance so their rights may be fully protected" and "[t]here is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian." *Woodburn v. Sec'y of State of Fla.*, No.09-20981-CIV, 2010 WL 3452340 at *4 (S.D. Fla. Sept. 1, 2010) (quoting *Cheung, M.D. v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)).

An action like this one, where a parent attempts to represent their child *pro se*, is subject to dismissal. *Warner v. Sch. Bd. of Hillsborough Cnty., Fla.*, No. 23-12408, 2024 WL 2053698, at *3 (11th Cir. May 8, 2024) (citing *Devine*, 121 F. 3d at 581-82) ("This Court, however, is bound by our precedent, which holds that a parent may not advance his child's cause of action *pro se.*").

Therefore, the Undersigned **respectfully recommends** that the Complaint [ECF No. 1] be **dismissed without prejudice** with leave to amend and that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] be **denied as moot**.

## II.  Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, Miami, Florida, on May 30, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record
Plaintiff L.M. (on behalf of L.J.)